IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAEEM O. BETZ | * |
|    Plaintiff | * |
|       v | *   Civil Action Case No. DKC-12-3506 |
| GINO ARCHER, CEO, CAVALRY PORTFOLIO SERVICES, LLC | * |
| | * |
|    Defendant | |
| | *** |

**O R D E R**

Plaintiff, who is self-represented, filed the above-captioned action on November 28, 2012, together with a Motion to Proceed in Forma Pauperis.[1] ECF No. 2. Plaintiff, a resident of the District of Columbia, seeks $33,000 against Defendant, a resident of New York, for alleged violations of the Fair Credit Reporting Act ("FCRA"). The claim involves a federal question under 28 U.S.C. § 1331 and jurisdiction is analyzed under 28 U.S.C. § 1391(b).

Federal district courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377(1994). Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law. Here, the Defendant alleged to have violated the FCRA is in Valhalla, New York. Thus, the more appropriate venue is the United States District Court in which Valhalla, New York is located.

---

[1] As this court is without jurisdiction, a determination of indigency shall not be granted. Plaintiff is free to renew his indigency request should he refile this action in the appropriate federal court.

This case marks the sixth Fair Credit Reporting Act case filed by Plaintiff in this district in the past ten days.[2] By now, Plaintiff should be aware of the jurisdictional and venue requirements for filing such an action in this district. Transfer will not occur; instead, the instant case shall be dismissed without prejudice, to permit Plaintiff an opportunity to pursue his claim against this Defendant in the appropriate court.

Accordingly, it is this 5th day of December, 2012, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's request for leave to proceed without prepayment of the filing fee (ECF No. 2) IS DENIED WITHOUT PREJUDICE;
2. The Complaint IS DENIED WITHOUT PREJUDICE;
3. The Clerk SHALL CLOSE this case; and
4. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] *See Betz v. Fredrickson,* Civil Action No. RWT-12-3443 (D. Md.); *Betz v. Matte,* Civil Action No. JFM-12-3444 (D. Md.); *Betz v. LTD Financial Services,* Civil Action No. AW-12-3445 (D. Md.); *Betz v. Plaza Recovery, Inc.*, Civil Action No. RWT-12-3446 (D. Md.); and *Betz v. Lubek,* Civil Action No. JFM-12-3505;